ROSALES, PETITIONER, v. DISTRICT COURT OF SAN JUAN,
RESPONDENT.

PETITION for a Writ of Certiorari to the First District Court
of San Juan.

No. 446.—Decided June 10, 1924.

DEBT — PERSONAL ACTION — MORTGAGE—REAL ACTION—DEFAULT—EXECUTION—
FORECLOSURE—POSSESSION.—When notwithstanding an allegation of the com-
plaint that the debt was secured by a mortgage the action is clearly one of
debt, the fact that in executing the default judgment entered by the clerk
the mortgaged property was conveyed to the plaintiff does not convert the
personal action into a real one; therefore, the writ of execution can not
have the effect of a writ of possession, as would be the case in summary
or ordinary foreclosure proceedings.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the petitioner.

The adverse party did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of San Juan, First Section, Civil
Suit No. 2410, on the 11th day of February, 1924, the peti-
tioner presented a motion to order the marshal to turn over
the actual possession ordered by the judgment in the above-
entitled case. Among other things the said motion recited
that the suit for execution of the mortgage in accordance
with the Code of Civil Procedure having been duly prose-
cuted, the auction had taken place and that in said auction
the mortgaged property was bid in by the mortgage cred-
itor, complainant in said action. The petitioner in said
motion prayed the court to order the marshal to give the
complainant immediate possession of the property the ob-
ject of the said alleged mortgage proceeding, and made
other appropriate averments.

In its order rendered on the 18th of February, 1924, the
District Court of San Juan assumed with the complainant
that the action and judgment rendered therein were all in
pursuance of a suit to foreclose a mortgage. The court
said that the said action for the execution of a mortgage
(*sic*) was one to recover money and that therefore there

was no execution of the mortgage. The court thereupon went on to hold that although both proceedings led to the same result, there was a great difference in their procedure and that the words "in a suit for the execution of a mortgage" contained in the second section of the Act of March 9th, 1905, should be applied exclusively to the summary process of the Mortgage Law. The court also held that the order for possession under said section required that an order for possession should be contained in the judgment itself; that in a personal action the defendant could only be adjudged to pay the amount of the mortgage; that this was the only thing ordered in the case, and that under these circumstances it was necessary to notify the defendant. Section 2 of the Act of March 9, 1905, is to be found on page 116 of the Session Laws of that year. It would be convenient if counsel in citing acts would give the page of the Session Laws. In looking for the act in question we found a great number of acts of March 9, 1905. The second section of said Act is as follows:

"Section 2.—When any order foreclosing a lien upon immovable property is made in a suit having for its object the foreclosure of such lien; in any court having jurisdiction, such order shall have all the force and effect of a writ of possession, as between the parties to such suit of foreclosure and any person claiming under the defendant to such suit by any right acquired pending such suit; and the court shall so direct in the judgment providing for the issuance of such order, and the marshal, or other office executing such order of sale, shall proceed by virtue of said order to place the purchaser of the property sold under the same in possession thereof within thirty days after the day of sale."

The District Court of San Juan was essentially right, except in so far perhaps as it limited the said section to the summary process of the Mortgage Law, as in an ordinary suit for the foreclosure of a mortgage the said section 2 is, by its verbiage, at least, applicable.

The court was entirely correct in saying that this ac-

tion was one for the recovery of money and that in the judgment pronounced there was no order for a change of possession.   We shall sum up the facts and the law.

The petitioner began an ordinary suit to recover a certain sum of money secured by mortgage.   The defendant did not appear and on the 26th day of September, 1923, the secretary of the First Section of the District Court entered a judgment by default for the sum sued upon.   The complaint, although it set up that the debt was secured by a mortgage, was apparently not a suit to foreclose a mortgage, if one may judge by the prayer of the complaint and the subsequent judgment.   A mortgage proceeding is a real action and not personal.   The creditor in obtaining judgment was not insisting on his mortgage rights.   There was no order for the sale of the specific property secured by the mortgage.   Such an order is characteristic of every proceeding for the foreclosure of a mortgage.   Where a mortgage is foreclosed the specific property must be described in the judgment.

Section 194 of the Code of Civil Procedure provides that judgment may be had if the defendant fail to answer the complaint as follows: 1. "In an action arising upon contract for the recovery of money or damages only, . . . . the secretary, upon application of plaintiff must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons. . . ." Paragraph 2 makes it clear that in all other actions it is the court itself that must enter judgment.   The secretary is exclusively limited to actions for the recovery of damages and money, only personal actions, and has no authority to enter a judgment to foreclose a mortgage.

On the judgment entered an order of execution was issued on December 7, 1923, and the creditor, in a separate paper, indicated two pieces of property on which the marshal was to execute.   On the back of the order of execution

the marshal made his return, saying that he had sold the property as described in the auction proceeding.

In the said auction proceeding the marshal said that he had proceeded to sell the mortgaged property, the object of this proceeding, in performance of the order of December 7, 1923.

The order of December 7, 1923, contains no reference to any property, mortgaged or otherwise, but requires the marshal to recover the principal sum and interest described in the judgment. The judgment as entered by the secretary has no reference to any specific property mortgaged or otherwise. The judgment is silent on the subject of a mortgage, as needs must be in a judgment entered by a secretary without any intervention of the judge.

The secretary did not attempt to do so and the marshal could not read into the judgment something that was not already there. It is a case where the creditor having a right to foreclose a mortgage elected instead to obtain a personal judgment.

Therefore the second section of the Act of March 9, 1905, heretofore recited, has no application. The proceeding here begun was not "made in a suit having for its object the foreclosure of such lien" namely the "lien upon immovable property," but the suit is something entirely different, namely, a personal action for the recovery of money.

The marshal had no right after the judgment to call this a mortgage proceeding. His sole duty was to follow the judgment and the order issued thereon, neither of which contained any reference to a mortgage proceeding. Under the announcement made by the marshal in the auction proceeding it is very doubtful whether any title was conveyed, inasmuch as purchasers might be affected by such announcement. If the marshal had said that he was executing an ordinary judgment for the recovery of money alone, he might have had other and different bids. For similarity of reasoning see the judgment of this court in the *Manatí*

*Case,* judgment rendered on the 24th of April, 1924, *ante,* page 41.

We have been at some pains to discuss this writ because the debtor was unrepresented in this court and because it is necessary to search the whole record when the creditor is maintaining in an extraordinary writ as in this case that he has the right to the immediate possession.

The writ must be annulled.

*Writ discharged.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto dissented.